```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRIAN WASSON, | HONORABLE JEROME B. SIMANDLE |
|        Petitioner, | |
|       v. | Civil Action<br>No. 16-1552 (JBS) |
| TRACY HIGHTOWER, | |
|        Respondent. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Petitioner Brian Wasson, a federal prisoner confined in FCI Fort Dix, moves for reconsideration of this Court's order dismissing his motion for a temporary restraining order ("TRO"). Motion for Reconsideration, Docket Entry 4. He also filed a motion captioned as a summary judgment motion. Docket Entry 7.

    1.   Petitioner was sentenced by the United States District Court for the Central District of Illinois on June 29, 2010. *United States v. Starns, et al.*, No. 06-20055 (C.D. Ill. Jun. 29, 2010).

    2.   He was represented on his direct appeal by Respondent Tracy Hightower, a private practitioner located in Omaha, Nebraska. Upon the conclusion of the direct appeal, Ms. Hightower did not return what Petitioner describes as "60 banker boxes of Federal Evidence" to him. TRO Motion, Docket Entry 1 at 2.

3.     According to Petitioner, he has sought to have these boxes sent to him ever since the conclusion of his direct appeal. Petitioner wrote to Ms. Hightower indicating he wanted to have these boxes shipped to him and requested that she not do anything with the boxes until he had time to seek assistance from the Court. TRO Motion Exhibit A.

4.     Ms. Hightower responded that if he did not make arrangements to prepay the costs of shipping the boxes by March 21, 2016, she would begin shredding the documents. TRO Motion Exhibit B.

5.     Petitioner thereafter filed this motion for a TRO, invoking this Court's jurisdiction under 28 U.S.C. § 2241.

6.     On March 24, 2016, this Court dismissed the motion for lack of jurisdiction as the "petition" did not challenge his confinement or sentence, but rather sought this Court's intervention in his private dispute with Ms. Hightower. Memorandum Opinion, Docket Entry 2 ¶¶ 6-7.

7.     Petitioner filed a motion for reconsideration arguing that he "believed by invoking jurisdiction under 28 U.S.C. § 2241 the Court would understand he does consider his incarceration [to be] in violation of the Constitution of the United States of America or the laws and treaties of the United States. . . . Petitioner aver[s] that he has never been granted

2

access to any of the evidence held, any *Brady* material and thus the destruction of the withheld material would violate his rights and prejudice his claims." Motion for Reconsideration at 1-2.

    8.   To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

    9.   Even construing the original submission liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), it cannot be reasonably read as a § 2241 petition. Petitioner does not set forth how the execution of his sentence violates the Constitution or federal law or on what grounds he challenges his conviction. The "petition" only discusses Ms. Hightower's alleged retention of his file documents, and the only relief sought was a TRO against her, a Nebraska attorney, for conduct having no connection to the District of New Jersey. *See generally* TRO Motion.

10. Moreover, if the Court were to read the TRO motion as a § 2241 petition, Ms. Hightower would have to be dismissed from the action entirely because the only proper respondent in a § 2241 proceeding is Petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004).

11. Petitioner's "summary judgment" motion continues to ask the Court to intervene in his dispute with Ms. Hightower and does not address his purported habeas claims.[1] *See generally* Summary Judgment Motion.

12. As Petitioner has not set forth a valid basis for reconsideration of the Court's Order, the motions are denied. To the extent Petitioner wishes to pursue actual habeas proceedings in this Court, he must file a new petition consistent with § 2241.

13. An appropriate order follows.

 July 26, 2016                                      s/ Jerome B. Simandle
Date                                          JEROME B. SIMANDLE
                                                Chief U.S. District Judge

---

[1] A letter attached to the summary judgment motion indicates Ms. Hightower is willing to work with Petitioner in order to ensure he receives his materials. Summary Judgment Motion Exhibit 1.